IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00354-CV

 

In re Sue Walston

 

 



Original
Proceeding

 

 



memorandum Opinion



 

          Even
if the severance of the third party defendants was improper and may impact the
appeal, we would be unable to grant the primary relief that the petitioner
desires; that is, to reach the merits of the trial court’s rulings and reverse
the judgments and orders which denied or dismissed petitioner’s requested
relief against those third party defendants. 
Thus, even with the prospect of a fifth trial, the petition for mandamus
is denied.  




The motion for emergency relief is dismissed.

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice
Gray,

          Justice Vance, and

          Justice Reyna

          (Justice Vance concurring in the result only)

Writ denied

Opinion delivered and
filed December 6, 2004

[OT06]








 






fy; line-height: 0.388889in">      McCalpin took Coffman to the Collin County Jail at about 2:33 a.m. He conducted a video
interview where he read Coffman his rights and gave him the opportunity to take a breath test. 
Coffman refused. Coffman was cooperative throughout the stop and book-in procedures. This
video was introduced into evidence. The time recorded on the video was incorrect. McCalpin
recalled that he made the initial stop at 1:45 a.m, conducted the video interview, and actually
booked Coffman into jail at 3:30 a.m. The time on the video indicates it was recorded at 1:45
a.m. McCalpin agreed that Coffman looked different on the video than what he had explained
previously. He believed Coffman performed additional sobriety tests adequately on the video. 
He attributed that to the approximately one hour between the stop and the making of the video and
to the fact that people often “get their faculties a little bit more together” once arrested. 
Coffman’s performance on the video did not change McCalpin’s conclusion that he was intoxicated
when initially stopped.
      During standard book-in procedures, Coffman was asked about his use of alcohol. Coffman
replied that he drank almost a 12-pack of beer weekly. After booking Coffman into jail, McCalpin
finished the inventory of what Coffman had in his possession when arrested. The inventory
included a large sum of cash, a watch, a wallet, some keys, a pocket knife, a beeper, a check for
a large amount of money, two prescription drugs and some epinephrine mist. Coffman’s vehicle
had previously been inventoried. Tools, baseball equipment, and cash were found in it.
Application
      After reviewing all of the evidence, we do not find it so weak as to be clearly wrong and
manifestly unjust or that the adverse finding is against the great weight and preponderance of the
available evidence. Coffman’s sole issue is overruled.
Conclusion
      Having overruled Coffman’s sole issue for review, the trial court’s judgment is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 11, 2001
Do not publish